**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**FERYL LARON JORDAN**                                                                      **PLAINTIFF**

Vs.                                             **4:12-CV-516-JWC**

**SOCIAL SECURITY ADMINISTRATION**                                          **DEFENDANT**

# OPINION

Plaintiff, Feryl Laron Jordan, seeks judicial review of the denial of his claims for a period of disability and disability insurance benefits and for supplemental security income benefits. [1] Judicial review of the Commissioner's denial of benefits examines whether the decision is based on legal error and whether the findings of fact are supported by substantial evidence in the record as a whole. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009); see 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "less than a preponderance but is enough that a reasonable mind would find it adequate to support the conclusion." *Wiese*, 552 F.3d at 730. In its review, the Court must consider evidence supporting the Commissioner's decision as well as evidence detracting from it. Id. That the Court would have reached a different conclusion is not a sufficient basis for

---

[1] The parties have consented to the jurisdiction of the magistrate judge. (doc.9)

reversal; rather, if it is possible to draw two inconsistent conclusions from the evidence and one of these conclusions represents the Commissioner's findings, the denial of benefits must be affirmed. Id.

Plaintiff was born October 16, 1961. He has at least a high school education. He alleges a disability onset date of May 15, 2008.

An Administrative Law Judge (ALJ) held a hearing on October 26, 2009, and rendered an unfavorable decision on December 1, 2010. Following the required five step analysis, he found Plaintiff to suffer from the following "severe" impairments within the meaning of the Social Security Act:

> spondylosis, most significant on the right at the L5-S1 level, secondary to facet/ligament and flavum hypertrophy; high blood pressure, major depressive disorder; substance induced mood disorder; and cocaine dependence (20 CFR 404.1520(c) and 416.920(c). (Tr. 14)

At step three the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. At step four, he found Plaintiff physically capable of performing light work, but added:

> In addition, due to problems with depression and substance abuse, the claimant would not be able to understand, carry out and remember instructions; to use appropriate judgment in making work related decisions; to respond appropriately to supervision; to deal with routine work pressures or changes in a routine work setting; and the hypothetical claimant would not be able to complete the required tasks of a 40 hour, 5 day a week job. (Tr. 15)

The ALJ determined that considering the substance abuse, Plaintiff would be

unable to perform any jobs existing in significant numbers in the national economy.  However, he went on to find that Plaintiff's cocaine use was material to the disability and that, although he would not be able to perform his past relevant work,  he would be able to perform other existing jobs if he stopped the substance abuse.  Plaintiff challenges the findings that he suffers from a substance abuse disorder and that the disorder is material to the disability picture. [2]

    When a claimant is found to be disabled and there is medical evidence of a substance use disorder, the ALJ must determine whether the disorder is a contributing factor material to the disability determination.  In doing so, he must evaluate the extent to which the claimant's mental and physical limitations would remain if the claimant stopped the substance abuse.  If the remaining limitations would not be disabling, the substance abuse is considered a contributing factor material to the determination of disability.  20 CFR 404.1535 and 416.935.  The substance abuse question cuts across all issues raised by Plaintiff.

    Plaintiff's basic thrust is that the ALJ's finding his substance abuse to be material, i.e., that Plaintiff could perform work if he stopped using, is contrary to the evidence.  He first says the ALJ's determination that Plaintiff had cocaine dependence and substance induced mood disorder is contrary to the medical evidence.  He implies that the ALJ mistakenly minimized Plaintiff's major

---

[2] He does not challenge the findings relating to physical disability.

depression by overemphasizing the substance abuse because, according to a report by Dr. Sam Boyd, Ph. D., Plaintiff was "in early full remission." Plaintiff told Dr. Boyd that he had last used alcohol about three weeks and cocaine about three months before Dr. Boyd's examination and evaluation of September 23, 2008. Dr. Boyd merely took Plaintiff at his word, though he felt that Plaintiff "seemed to minimize his alcohol and drug use." [3] The medical records actually contradict the conclusion that the condition was in remission. Plaintiff had a long history of substance abuse. He was sent for participation in numerous treatment programs, but was often non-compliant with treatment regimes. He had suffered repeated relapses. If there was a remission, it was rather short-lived, because Plaintiff tested positive for cocaine on June 9, 2009, after Dr. Boyd's evaluation.[4] The medical evidence of record clearly demonstrates a long-term, serious problem with substance abuse. The ALJ's finding is supported by that record and his analysis neither wrongly minimized Plaintiff's depression nor unduly maximized his substance abuse.

Plaintiff next argues that a psychologist who examined the medical records, Dr. Leaf, Ph. D., found plaintiff to have "marked limitations with maintaining concentration, understanding of simple to complex instructions, inability to

---

[3] Tr. 328.

[4] *See*, Tr. 639.

socially interact with peers and supervisors as well as the public and he will have difficulty adjusting to even simple changes in the job routine." Plaintiff concludes that the medical evidence was sufficient to support a finding that he met a listing "if the substance abuse was considered." (Emphasis added). [5] This argument begs the question, because Dr. Leaf was clearly considering Plaintiff's depression and substance abuse in combination. [6] Although Dr. Leaf referred to Dr. Boyd's finding that the substance abuse was not material to Plaintiff's disability, he did not himself state an opinion on that issue.

This brings us to Plaintiff's argument that the ALJ improperly discounted the opinion of Dr. Boyd that ". . . even if [Plaintiff] were not using alcohol or cocaine, his depression would still prevent him from being able to cope with the mental demands of basic work-like tasks." [7] Dr. Boyd did examine Plaintiff. However, there are substantial reasons for discounting this opinion. The ALJ stated that the record shows periods of sobriety where Plaintiff was able to maintain gainful employment, and that he was able to perform household chores, maintain personal hygiene and maintain a long-term relationship with a woman. In addition to the reasons articulated by the ALJ, the Court notes that Dr. Boyd

---

[5] Plaintiff's Brief Doc. 16, p. 5.

[6] *See*, Tr. 591, last paragraph of Dr. Leaf's report.

[7] *See*, Tr. 329.

merely did a one time evaluation and seemed to uncritically accept Plaintiff's recitations of his anger problems.  The only testing apparent from the report dealt with Plaintiff's cognitive abilities.   Dr. Boyd did not have the benefit of having the Veteran's Administration medical records to review.  His acceptance of Plaintiff's statement that he used cocaine only sporadically is inconsistent on the face of the report and is certainly inconsistent with the fact that he had been through five separate rehabilitation programs.  Dr. Boyd acknowledged that Plaintiff's substance abuse was likely more extensive than he would admit, but then incongruosly concluded that it was in early full remission.  He accepted Plaintiff's statements and demeanor without question and even felt that he was threatened by the anger which Plaintiff demonstrated during the interview.

Dr. Boyd's conclusion that Plaintiff's substance abuse was not material to his disability is also in conflict with other evidence of record.  Although Plaintiff says he has suffered from anger issues all his life, he was able to successfully complete three years active duty and one year reserve duty in the United States Army, receiving an honorable discharge.  He also worked as a prison guard in the Arkansas Department of Correction from 1989 to 1991, losing that job not because of anger issues, but because of an escape that occurred in his area.  Plaintiff's service in the army and as a prison guard are inconsistent with the notion that he would be unable to control his anger in the absence of substance abuse.  Finally,

Plaintiff acknowledged in a VA intake interview on June, 20, 2008, that "his anger is further complicated when he drinks and uses drugs excessively." [8]

There is ample evidence in the record to support the ALJ's discounting of Dr. Boyd's conclusion, his finding that Plaintiff's substance abuse is material to his disability, and his ultimate conclusion that without the substance abuse, Plaintiff is not disabled.

## CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence and there is no legal error.  Therefore, this case must be dismissed with prejudice.

IT IS SO ORDERED this 26th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8] Tr. 258.